**TOM'S EXP., Inc. v. DIVISION OF STATE HIGHWAY PATROL, DEPARTMENT OF HIGHWAYS, OHIO.**

Civ. No. 3266.

United States District Court,
S. D. Ohio, E. D.

Feb. 20, 1952.

Taylor C. Burneson, Columbus, Ohio, for plaintiff.

C. V. Thomas, Asst. Atty. Gen., of State of Ohio, for defendant.

Before ALLEN, Circuit Judge, and UNDERWOOD and DRUFFEL, District Judges.

PER CURIAM.

This is an action wherein plaintiff seeks an adjudication that Section 7250-3 of the General Code of Ohio, which section requires that freight trailers and commercial

cars weighing three tons or more be equipped with metal protectors or flexible flaps on the rear-most wheels, be declared invalid, unconstitutional and inoperative and that its enforcement be enjoined as it applies or purports to apply to vehicles operated by the plaintiff exclusively in interstate commerce.

The District Court issued a temporary restraining order enjoining the enforcement of Section 7250-3 of the General Code of Ohio. On November 30, 1951 a three-judge court was convened in accordance with provisions of Title 28, Section 2284, U.S. Code. At the opening of the hearing on that date Red Star Transit Company, Inc. was permitted to intervene as a party-plaintiff.

The Court having carefully considered the evidence and being fully advised in the premises, makes the following Findings of Fact and Conclusions of Law.

### Findings of Fact.

1. That Section 7250-3 of the General Code of Ohio provides:

"No person shall drive or operate or cause to be driven or operated, any commercial car, trailer or semi-trailer, used for the transportation of goods or property, the gross weight of which, with load, exceeds three tons, upon the public highways, streets, bridges and culverts within the state of Ohio or any subdivision thereof, unless such vehicle is equipped with suitable metal protectors or substantial flexible flaps on the rear-most wheels of such vehicle or combination of vehicles to prevent as far as practicable such wheels from throwing dirt, water or other materials on the windshields of following vehicles; such protectors or flaps shall have a ground clearance of not more than one-fifth of the distance from the center of the rear-most axle to the center of the flaps under any conditions of loading of the motor vehicle, shall be at least as wide as the tires they are protecting; provided, however, that if the motor vehicle is so designed and constructed that the above requirements are accomplished by means of fenders, body construction or other means of enclosure, then no such protectors or flaps shall be required; and further provided that rear wheels not covered at the top by fenders, bodies or other parts of the vehicle shall be covered at the top by protective means extending at least to the center line of the rear-most axle.

"Any person found guilty of a violation of this section shall be guilty of a misdemeanor and upon conviction thereof shall be fined not more than twenty-five dollars."

2. That compliance with Section 7250-3, of the General Code of Ohio for trucks used exclusively in interstate commerce would cost the plaintiff trucking companies more than $3,000 each.

3. That weather conditions in the State of Ohio cause Ohio roads to be wet and dirty for a substantial portion of each year.

4. That no legislation by Congress or regulations of the Interstate Commerce Commission requires motor carriers travelling in interstate commerce through the State of Ohio to make any provisions to prevent rear wheels of their vehicles from throwing dirt, water or other material on the windshields of the following vehicles.

5. That plaintiffs by this action are seeking to have a statute of the State of Ohio declared invalid, unconstitutional and inoperative as it applies to vehicles operated by them exclusively in interstate commerce.

### Conclusions of Law.

1. That the matter in controversy exceeds the sum of $3,000, exclusive of interest and costs, and arises under the constitution and laws of the United States.

2. This Court has jurisdiction of the parties and the subject matter of this action.

3. That Section 7250-3 of the General Code of Ohio is a valid exercise of the police power by the State of Ohio. This Act does not conflict with or overlap any Act of the Congress of the United States or any regulation of the Interstate Commerce Commission. The federal government has not preempted the field of motor

carrier regulations in connection with mud guards.

4. That the temporary restraining order issued herein should be dissolved and the action dismissed at plaintiffs' cost.

Entry accordingly.